MULLINS, Presiding Judge, (concurring in part and dissenting in part) I concur in so much of the majority opinion that concludes as a matter of law Bradshaw voluntarily resigned and was not terminated. I respectfully dissent from the part of the opinion that reverses the district court’s- order compensating Bradshaw to November 3, 2014. The contract provided “his notice of resignation shall be tendered to the Commission - no less than 30 days prior to his departure date.” Bradshaw complied with the terms of the contract. The contract could have provided a strict thirty-day notice, but it did not. The contract gave Bradshaw the right to select a voluntarily resignation date of “no less than 30 days.” He did that. Athough I would agree a reasonableness clause could be interpreted to apply to the selection of a termination date—a date fixed far in the future might under some circumstances be interpreted unenforceable—that is not the case here and is not part of the majority’s analysis. I find nothing in the contract or the case law that gave the Commission the authority to unilaterally decide to change the voluntary resignation date. As a matter of contract analysis and enforcement, I would find Bradshaw is entitled to compensation through his announced effective resignation date. I would deny the Commission’s cross-appeal and affirm the district court.